UNITED STATES of America,
Plaintiff-Appellee,

v.

Clifton Ray MARTIN,
Defendant-Appellant.

No. 77–5284
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Bobby Lee Cook, Sr., Summerville, Ga., for defendant-appellant.

William L. Harper, U. S. Atty., James E. Baker, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

RONEY, Circuit Judge:

Clifton Ray Martin appeals his conviction for interstate transportation of a stolen motor vehicle, 18 U.S.C.A. § 2312, alleging the Government violated his rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and the Jencks Act, 18 U.S.C.A. § 3500, because it could not produce the interview notes of a testifying FBI agent, which notes had been destroyed. The destruction having occurred through normal practice and not in bad faith, we affirm.

On two occasions prior to his arrest, defendant Martin was interviewed by an agent of the Federal Bureau of Investigation, who made handwritten notes of those interviews. Shortly afterwards, the agent used the notes to prepare standard FBI interview reports, Form "FD–302." After checking the typed 302 reports for accuracy, he destroyed the notes. This was standard procedure at the time. The FBI has since changed its policy and now .retains the rough notes even after the 302 report has been prepared.

The agent testified at trial about what Martin had told him during these interviews. According to the agent, Martin said he knew the camper was stolen, and that, in fact, the man from whom he purchased it told him it was stolen and that he had switched the serial plate on the camper. Martin testified at trial that he did not know the camper had been stolen. He denied having told the FBI agent he knew it was stolen, and denied having made the other incriminating remarks to which the agent testified and which were contained in the 302 report.

The defense was given copies of the 302 reports after the agent testified. Martin claims, however, that if the agent's rough notes were available, they would show the 302 reports to be inaccurate. He asserts he was entitled to those notes, and that, since they are unavailable, he should get a new trial, at which the agent should be prevented from testifying.

As to the Jencks Act argument that Martin was entitled to the notes after the witness testified, this Circuit has recently ruled adversely. Under the Jencks Act, a defendant is entitled to a witness' notes after he has testified, so that the notes may be used in cross-examination. 18 U.S.C.A. § 3500(b). Where such notes have been destroyed by an FBI agent in good faith, following customary agency procedure, and the interview report prepared therefrom is given to the defendant, this Circuit has ruled that there is no Jencks Act violation.

Nothing in the Jencks Act requires that notes made in the course of an inves-

tigation be preserved after the notes have served their purpose of assisting in the preparation of interview reports.

*United States v. Pacheco,* 489 F.2d 554, 566 (5th Cir. 1974), *cert. denied,* 421 U.S. 909, 95 S.Ct. 1558, 43 L.Ed.2d 774 (1975). *Accord, United States v. Gates,* 557 F.2d 1086, 1089 (5th Cir. 1977). A similar rule has been adopted in other Circuits. *See, e. g., United States v. Hurst,* 510 F.2d 1035, 1036 (6th Cir. 1975) (destruction of notes violates neither the Jencks Act nor *Brady*); *United States v. Terrell,* 474 F.2d 872 (2d Cir. 1973); *United States v. Mechanic,* 454 F.2d 849, 856 (8th Cir. 1971), *cert. denied,* 406 U.S. 929, 92 S.Ct. 1765, 32 L.Ed.2d 131 (1972); *United States v. Spatuzza,* 331 F.2d 214, 218 (7th Cir.), *cert. denied,* 379 U.S. 829, 85 S.Ct. 58, 13 L.Ed.2d 38 (1964). Contrary cases which require preservation of such notes have been given prospective effect only. *United States v. Robinson,* 546 F.2d 309, 312 (9th Cir. 1976), *cert. denied,* 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 597 (1977); *United States v. Harris,* 543 F.2d 1247 (9th Cir. 1976); *United States v. Harrison,* 173 U.S.App.D.C. 260, 524 F.2d 421 (1975).

■ Whether the agent's notes are *Brady* material has not been previously determined by this Court. Under *Brady v. Maryland, supra,* suppression by the prosecution of evidence favorable to an accused who requests it violates due process, where the evidence is material to guilt or punishment. Defendant does not claim that the notes would contain evidence of his innocence. He thinks that they might enable him to impeach the agent's trial testimony. The agent testified that the notes were consistent with his interview reports. Martin presented his version of the interview to the jury through his own testimony. The jury resolved this dispute against defendant. There is no showing that the notes would be *Brady* material. The proof is contrary. Martin's argument would convert all Jencks Act material into *Brady*

material. Since the agent's notes were material only for impeachment purposes, and since there was no showing of bad faith on the Government's part, and no showing that the notes would contain evidence material to innocence, the standard of materiality imposed under *Brady* has not been met. *Cf. United States v. Carrillo,* 561 F.2d 1125 (5th Cir. 1977); *Link v. United States,* 352 F.2d 207, 212 (8th Cir. 1965), *cert. denied,* 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966). Where the interview is of the defendant, we decline to follow the decisions of the Ninth Circuit, *United States v. Harris, supra,* and the District of Columbia Circuit, *United States v. Harrison, supra,* which held that rough notes may be *Brady* material. We hold that an FBI agent's notes of his interview of the defendant are not *Brady* material, absent some independent showing that they contain evidence that is material to guilt or punishment.

AFFIRMED.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.