UNITED STATES of America,
Plaintiff–Appellee,

v.

Joseph L. COLE, Defendant–Appellant.

No. 79–5505.

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1981.

William J. Baxley (Court–Appointed), James S. Ward, Birmingham, Ala., for defendant–appellant.

J. R. Brooks, U.S. Atty., James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for plaintiff–appellee.

Before GODBOLD, GARZA and RANDALL, Circuit Judges.

PER CURIAM:

Joseph L. Cole appeals, for the second time, his conviction for willfully misapplying funds which were the subject of a Com-

prehensive Employment Training Act (CETA) grant in violation of 18 U.S.C. § 665. In his initial appeal, Cole challenged, as violative of 18 U.S.C. § 3500, the "Jencks Act," the government's failure to produce notes taken by FBI agents during interviews of government witnesses and reports of these interviews later compiled on FBI forms. We remanded the case to the district court with instructions to determine whether these memoranda of interviews with government witnesses were producible under the Jencks Act, and, if so, whether the failure to produce such memoranda required that Cole receive a new trial. Following remand, the district court held a hearing on these questions and determined that none of the notes or memoranda involved were producible under the Jencks Act because none of them constituted "statements" within the meaning of 18 U.S.C. § 3500(e)(1) or (2).

Cole now appeals this ruling. He claims first, that the district court erred in finding that rough notes taken by an FBI agent during an interview of James Routte, who testified on behalf of the government at trial, did not constitute a statement within the meaning of 18 U.S.C. § 3500(e)(2); and second, that the court erred in concluding that the loss of notes taken during an FBI interview of James Wofford, another government witness, did not preclude a determination that these notes were not a statement within the meaning of the statute nor require the district court to impose Jencks Act sanctions as a result of the loss.

We find no error in the district court's determinations and therefore affirm its judgment.

## I. THE ROUTTE INTERVIEW NOTES

Cole contends that the notes made by FBI Agent Marvin Strickland during his interview of James Routte constitute a "statement" within the meaning of 18 U.S.C. § 3500(e)(2) which defines a statement as

a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement ... recorded contemporaneously with the making of such oral statement; ....

■ The district court correctly understood the law of this circuit to hold that even though an investigator's notes may contain "occasional verbatim recitations of phrases used by the person interviewed," this does not necessarily make such notes a "statement" for Jencks Act purposes. *United States v. Cruz*, 478 F.2d 408 at 413 (5th Cir. 1973). *Accord, United States v. Cuesta*, 597 F.2d 903, 914 (5th Cir.), *cert. denied*, 444 U.S. 964, 100 S.Ct. 451, 62 L.Ed.2d 377; *United States v. Hodges*, 556 F.2d 366, 368 (5th Cir. 1977), *cert. denied* 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 762 (1977). The court, after reviewing the notes and hearing testimony concerning the interview in which the notes were taken, found that although the notes may have contained phrases or isolated sentences identical to the language used by the witness, they were not a "substantially verbatim report" of the interview.

This determination is a finding of fact subject to review under the "clearly erroneous" standard. *Cuesta, supra*, at 914; *Hodges, supra*, at 368; *Cruz, supra*, at 413. Our examination of the notes involved, which consist of one handwritten page of phrases and brief unrelated sentences, has revealed no clear error in the district court's determination of this issue.

## II. THE WOFFORD INTERVIEW NOTES

■ On April 10, 1979, FBI Agent James Morton interviewed James Lawrence Wofford, who later testified on behalf of the government at Cole's trial. These notes were later dictated in memorandum form and transcribed onto a standard FBI form. At the hearing following our remand of this case, the district court reviewed the report based on the notes and found that it had never been reviewed or adopted by Wofford and that it was not a substantially verbatim account of the interview. Thus, the court concluded that it was not a statement within the meaning of either 18 U.S.C. § 3500(e)(1) or (2). The court also determined that the original notes of the inter-

view were not a Jencks Act statement; but it was forced to make that determination on the basis of circumstantial evidence because Agent Morton was unable to find his original notes.

Cole, on appeal, urges that the loss of the agent's notes violates the Jencks Act and requires that he be afforded a new trial. Cole's argument relies heavily on *United States v. Harrison*, 524 F.2d 421 (D.C. Cir. 1975); and *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976). These cases held that the original notes of an FBI agent's interview with a witness must be preserved as material potentially discoverable under the Jencks Act. Thus, under the law of those two circuits, even good–faith destruction of notes in accordance with agency procedure or inadvertent loss of notes justifies the imposition of Jencks Act sanctions.

This circuit has, however, adopted a contrary rule. In *United States v. Pacheco*, 489 F.2d 554 (5th Cir. 1974), *cert. denied*, 421 U.S. 909, 95 S.Ct. 1558, 43 L.Ed.2d 774 (1975), we held that:

> Nothing in the Jencks Act requires that notes made in the course of an investigation be preserved after the notes have served their purpose of assisting in the preparation of interview reports.

489 F.2d at 556. Thus, in cases where the notes have been destroyed by an agent in good faith, we have found no violation of the Jencks Act. *United States v. Juarez*, 573 F.2d 267, 279 (5th Cir. 1978); *United States v. Martin*, 565 F.2d 362 (5th Cir. 1978).

Cole argues that the cases in which we have applied this rule are distinguishable from this one because they all involved situations where the notes were sought as statements of either the interviewee or the agent within the meaning of 18 U.S.C. § 3500(e)(1) rather than (e)(2). Section (e)(1) includes any "written statement made by [the witness] and signed or otherwise adopted or approved by him." Cole construes our holdings in the cases discussed above only as a determination that the notes did not become a statement within the meaning of (e)(1) until transcribed into a formal report which was signed, adopted or approved by either the agent or the interviewee who later testified on behalf of the government.

Thus, Cole contends that our previous cases do not foreclose a claim that the discarded notes were an (e)(2) statement and that the result reached in those cases, i. e., that no Jencks Act violation occurs when notes are destroyed or lost in good faith, is not the correct result here. In the absence of the notes, Cole argues, it is impossible to determine whether they were an (e)(2) statement and thus the government, which must assume responsibility for the loss, should be penalized in accordance with the Jencks Act.

We think Cole is correct in noting that the rule enunciated in *Pacheco* and applied in *Martin* and *Juarez* has not previously been applied to bar a claim that the lost or destroyed interview notes were an (e)(2) statement.[1] We cannot however accept the rule he advocates as the proper one for such cases. Cole's reasoning would result in a *per se* rule that the Jencks Act is violated whenever documents which could possibly contain producible material were lost or inadvertently destroyed.

We declined to adopt such a rule. We think the proper course in such a case is

---

1. *Pacheco* involved a claim that destruction of tape recordings made during an interview of a government witness violated the Jencks Act. Although such recordings could fall within the ambit of an (e)(2) statement, the claim in *Pacheco*, and our decision, apparently examined the issue from the perspective of (e)(1). We reasoned that "... the tape recordings in this case were clearly not within the scope of the Jencks Act. In fact, the Form 302 interview reports did not become statements subject to production until [the interviewee] examined their content and confirmed that they were accurate." *Pacheco, supra*, at 566. *Martin, supra*, and *Juarez, supra*, involved claims that the defendant was entitled to the original notes, and not just to later reports based on the notes, of FBI agents who testified at trial. As to the agents who made the notes, as distinguished from the person interviewed, the notes could not possibly be a recital of an *oral* statement within the meaning of (e)(2). Thus, our rulings in those cases necessarily determined only that the notes were not (e)(1) statements.

that followed by the district court here. The district court carefully examined the circumstances surrounding the interview and heard testimony from the FBI agent who conducted the interview, an agent who witnessed the interview, and the person interviewed. There was no evidence that any recording device was employed, no one testified that a stenographer was present, and no one suggested that Agent Morton's notes were so copious that they were likely to be a substantially verbatim transcription of the interview. Given this evidence we believe that the district court did not err in concluding that the notes were not statements within the meaning of 18 U.S.C. § 3500(e)(2).

AFFIRMED.