**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Charles Eugene EDWARDS,
Defendant-Appellant.**

**No. 82–2448
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 29, 1983.

Lawrence B. Mitchell, Dallas, Tex., for defendant-appellant.

Christian Harrison, Asst. U.S. Atty., Tyler, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON ·and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Charles Eugene Edwards was a county commissioner of Fannin County, Texas. He was convicted in federal court of extortion under color of official right, 18 U.S.C. § 1951, conspiracy to commit mail fraud, 18 U.S.C. § 371, and mail fraud, 18 U.S.C. § 1341, in connection with his duties as county commissioner.

Edwards did not appeal his conviction within the ten day period required by Fed. R.App.P., Rule 4(b). He received an extension of time by thirty days, however, upon a showing of "excusable neglect", which apparently in this case was occasioned by neglect of counsel, plus the fact that Edwards was hiring new counsel at the critical time. The notice of appeal was filed within the thirty day extension period. In view of the holding of the district court that notice of appeal was timely filed, we conclude that this appeal is properly before us.

The evidence upon which Edwards was convicted was based upon the testimony and documented evidence of coconspirator Dallas Thompson and Sharon Griffin. Dallas Thompson testified that he had been in the business of selling culvert pipes and other materials to counties and cities for many years. His testimony was that as a regular practice he negotiated with Commissioner Edwards to sell materials to Fannin County. He further testified he had a business arrangement with Commissioner Edwards in which extra pipe or materials were added to invoices but would not be delivered. Then Mr. Thompson would pay the commissioner in cash one-half of the receipts from the remuneration for the added and undelivered material.

Sharon Griffin testified that appellant as county commissioner purchased lumber on behalf of his precinct from her. Under a regular arrangement she paid Commissioner Edwards ten percent on everything he purchased that was delivered to the county. With one exception this ten percent was paid in cash. Thompson testified under a plea bargain, and Griffin under a grant of immunity.

Appellant testified in his own behalf and denied receiving any money from Thompson or Griffin.

I.

Appellant's first contention is that he was denied a fair trial because the district court erred in denying his motion for a continuance to present twenty-five additional character witnesses who would testify as to his reputation. When he made this request he had already presented five character witnesses who had given full testimony, as permitted under Fed.R.Evid., Rule 405(a), as to his reputation for being a peaceful and law-abiding citizen.

The district court denied the motion for continuance on the grounds that sufficient character evidence had been admitted, that ordinarily the district court allowed no more than three character witnesses, and that the government was not offering any evidence in rebuttal to appellant's character evidence.

Trial court rulings on character evidence will not be disturbed on appeal absent a showing of an abuse of discretion. *United States v. Haynes,* 554 F.2d 231, 234 (5th Cir.1977). Fed.R.Evid., Rule 403, provides that relevant evidence may be excluded if it is a needless presentation of cumulative evidence. It is clear that the testimony would have been cumulative in this case. Five character witnesses had already testified. We find no abuse of discretion.

II.

The more serious question which appellant raises is his contention that the district

court erred in failing to require the government to turn over to him a prior statement made by the witness Thompson. Appellant contends that once the government objected to the production of the full statement it became the duty of the trial court under the Jencks Act, 18 U.S.C. § 3500, to order that the statement be turned over to the court and that it be examined *in camera.*

The issue arises under the following circumstances: On cross-examination Thompson testified that he had given a statement to the FBI one week after a surreptitious tape of his activities had been made by means of a face-to-face discussion with another county commissioner who was cooperating in the investigation. The defense then requested the full statement to the FBI agent covering this case as well as other cases. The government objected to furnishing portions of the statement regarding kickbacks received by other county commissioners because some of the commissioners had not been indicted and others had not even been approached. Further, the government had not introduced testimony concerning Thompson's involvement with other county commissioners. The government did agree to give the defense a copy of the statement as it referred to his activities with Edwards. The district court sustained the government's objection to furnishing the entire statement because it included the references to dealings with others.

. Appellant contends that the government had already brought out Thompson's criminal involvement with other county commissioners by introduction of the plea bargain agreement which stated Thompson would cooperate in identifying county commissioners who received bribes and by Thompson's testimony that he was continuing to work to fulfill the requirements of the agreement. This testimony did not, however, go into specific names or details of the criminal activities of any other county commissioner. Appellant was allowed to cross-examine as to the investigations, but he was not allowed to question as to the identities of other persons who might be implicated in separate illicit dealings with Thompson.

■ The critical provisions of the Jencks Act require that decisions about discoverability of statements covered by the Act be made by the trial judge reviewing the statements *in camera. United States v. Conroy,* 589 F.2d 1258, 1272 (5th Cir.), *cert. denied,* 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979). The defense, however, made no request at the trial to the trial court to review Thompson's statement.

■ Nor was any showing made that Thompson's statement qualified as a statement under Section 3500. Often such "statements" by witnesses actually consist of interview notes taken by government agents. These are the so-called "302" reports. Such notes, if not "substantially verbatim reports", are not "statements" covered by the Jencks Act disclosure requirements. *United States v. Cole,* 634 F.2d 866, 867 (5th Cir.1981).

■ Finally, appellant did not request that the statement be produced for consideration on this appeal as is necessary adequately to review a Jencks Act claim, *United States v. Gaston,* 608 F.2d 607, 611 (5th Cir.1979). The duty is on the defense to initiate the proper inquiry into the right to claim production of ,a statement under the Jencks Act. *United States v. Gaston, supra,* 608 F.2d at 611. Having not complied with the Jencks Act requirements, we find no reversible error as to appellant's contentions.

■ Even if there were error in this case, however, it manifestly was harmless. Thompson had testified only that he was involved in investigations of other unnamed county commissioners. This aspect of the statement was not inculpatory of the appellant Edwards at all so that its use at best would have been limited to cumulative impeachment. On cross-examination Edwards did question Thompson on the other investigations. Thompson admitted paying kickbacks to other commissioners and stated that this had been going on for a number of years. Any possible error, then, in the failure to inspect the statement *in camera* or to

order its production was harmless. *United States v. Gaston, supra,* 608 F.2d at 612; *United States v. Sink,* 586 F.2d 1041, 1050 (5th Cir.1978), *cert. denied,* 443 U.S. 912, 99 S.Ct. 3102, 61 L.Ed.2d 876 (1979); *United States v. Graves,* 428 F.2d 196, 199 (5th Cir.), *cert. denied,* 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970).

### III.

In summary, we find that the district court did not abuse its discretion in limiting the number of character witnesses called by the defendant under the circumstances of this case. Nor did it commit a violation of the Jencks Act by refusing to turn over the entire statement of witness Thompson concerning his conspiratorial activities with other county commissioners as well as defendant when defendant did not request the use of the specific Jencks Act procedures for a review of the critical document *in camera.* In any event, we find that the portions of the document not made available to him had only to do with the implication of other county commissioners in unrelated improper activities. The refusal to turn over the statement to defendant, therefore, was harmless error if error at all. This is particularly so since this information could have been used only for impeachment purposes, and full scale impeachment of witness Thompson was allowed by the court on cross-examination by defendant except as to the names of other county commissioners who might have been involved in the separate episodes not related to defendant's.

We find that Commissioner Edwards was tried and convicted without error.

AFFIRMED.