UNITED STATES of America,
Plaintiff-Appellee,

v.

Wilton A. WELCH, Jr., and Wilton A. Welch, III, Defendants-Appellants.

No. 86–4104.

United States Court of Appeals,
Fifth Circuit.

May 6, 1987.

---

Julie Epps, court-appointed, Jackson, Miss., for Wilton A. Welch, Jr.

Robert W. Sneed, court-appointed, Jackson, Miss., for Wilton A. Welch, III.

Ruth R. Harris, Asst. U.S. Atty., George Phillips, U.S. Atty., Jackson, Miss., for the U.S.

Before VAN GRAAFEILAND,[*] HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:

Wilton A. Welch, Jr., and Wilton A. Welch, III, appeal the district court's findings on remand that the government's failure to provide two Jencks Act statements at trial was harmless error. We affirm.

I

Government witness Ronald Gospodarek, a special agent with the DEA, conducted an investigation which ultimately led to the arrest and conviction of Welch, Jr., and Welch, III, under 21 U.S.C. § 846 of conspiracy to manufacture, distribute, and possess with intent to distribute phenylacetone and methamphetamine. At trial, Gospodarek gave testimony concerning the results of the investigation.

During voir dire examination of Gospodarek by counsel for Welch, III, Gospodarek testified that he had prepared three reports during the course of this investigation. The government provided one of these reports to defense counsel during plea negotiations, but refused to turn over the other reports at trial, contending that they were not Jencks Act statements. The district court agreed.

We remanded to permit the district court to conduct an in camera examination of the reports to determine whether they were Jencks Act statements, 810 F.2d 485. On remand, the district court determined that the reports were covered by the Jencks Act, but that the failure to produce the reports was harmless error because there were no apparent inconsistencies between the reports and Gospodarek's testimony.

II

In *United States v. Sink*, 586 F.2d 1041, 1051 (5th Cir.1978), we held the government's failure to produce Jencks Act statements at trial to be harmless error where there was no substantial deviation between the statements and the witness's trial testimony. *See also United States v. Edwards*, 702 F.2d 529, 531–32 (5th Cir.1983). We have reviewed Gospodarek's testimony and the reports in question and have found them to be substantially the same. Indeed, the defendants have not even attempted to point out substantial deviations between the two. Accordingly, we are persuaded that the district court's finding of harmless error was correct.

The judgment of the district court is AFFIRMED.

* Circuit Judge of the Second Circuit, sitting by designation.