27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry DORSEY, Defendant-Appellant.
 No. 93-5450.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 14, 1994.
Decided: July 6, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-93-7)
 Michael Thane Clifford, Clifford, Mann & Swisher, L.C., Charleston, West Virginia, for Appellant.
 Charles T. Miller, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Dorsey was convicted by a jury of aiding and abetting two codefendants in the possession of cocaine with intent to distribute, in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994) and 18 U.S.C. Sec. 2 (1988). He appeals his conviction and sentence. We affirm.
 
 
 2
 The Government's evidence at trial established that Dorsey brought a set of scales to a motel room where Gracie Collier and James Henry were in possession of several ounces of cocaine. Collier had requested the use of Dorsey's scales to weigh out the cocaine into packages for distribution. Dorsey stayed at the motel room about an hour, used cocaine with Collier and Henry, and said he could "move" some of the cocaine, but needed to get the money together before he could buy any from Henry. The next day, Collier contacted Dorsey, who said he would make a purchase later that day. Before the meeting took place, Collier and Henry were arrested at Collier's house. They entered guilty pleas and testified at Dorsey's trial.
 
 
 3
 Pointing to minor inconsistencies and inaccuracies in the trial testimony of Collier and Henry, Dorsey first contends their testimony was not credible and that, as a result, the evidence was insufficient to support his conviction. A jury conviction must be sustained if, taken in the light most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993). The jury chose to believe Collier and Henry and because the credibility of witnesses is not reviewable on appeal, United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989), we find that the evidence was sufficient to convict Dorsey.
 
 
 4
 Second, Dorsey argues that the district court erred in not ordering disclosure of two reports of proffer sessions, one with Henry and one with Collier, which were not provided to the defense. During trial, the district court accepted the Government's assurance that the reports were not discoverable as either Jencks[1] or Brady[2] material. After Dorsey's conviction, the court examined the reports and denied his motion for a new trial, finding that the reports were not Jencks material and contained nothing exculpatory.
 
 
 5
 The Jencks Act requires the government to disclose any statement of the witness in the possession of the government which relates to the subject of his testimony after the witness has testified on direct examination. A witness's "statement" includes all statements written or signed, or otherwise adopted or approved by the witness. 18 U.S.C. Sec. 3500(e)(1). It does not include notes or summaries of an interview which are not adopted by the witness. United States v. Hinton, 719 F.2d 711, 715-16 (4th Cir.1983), cert. denied, 465 U.S. 1032 (1984). The reports of the proffer sessions were not signed or adopted by Collier or Henry, and were not discoverable as their statements under the Jencks Act.
 
 
 6
 If the agent who conducts the interview testifies at trial, and has prepared a formal report intended to be communicated to others, the formal report may be discoverable as the agent/witness's statement. Hinton, 719 F.2d at 721; see also United States v. Welch, 817 F.2d 273, 274 (5th Cir.), cert. denied, 484 U.S. 955 (1987). When the defendant seeks disclosure of materials which the Government asserts are discoverable under the Jencks Act, the district court must make its own determination after in camera review of the materials. United States v. Marshall, 985 F.2d 901, 908 (7th Cir.), cert. denied, 61 U.S.L.W. 3774 and 61 U.S.L.W. 3246 (U.S.1993).
 
 
 7
 Because the reports of the proffer session which Dorsey sought were prepared by state agents Mayhew (Henry interview of March 24, 1993) and Neddo (Collier interview of January 22, 1993), both of whom testified at trial, the reports may have been Jencks material.[3] The district court may thus have erred in failing to review the reports during trial, and in failing to order disclosure of the reports, redacted to avoid disclosure of information relating to ongoing investigations.
 
 
 8
 However, such error is reviewed under the harmless error doctrine. See Goldberg v. United States, 425 U.S. 94, 111 n. 21 (1976) (harmless error doctrine strictly applied in Jencks cases); Marshall, 985 F.2d at 908 (failure to review and disclose harmless error because undisclosed material unlikely to have affected outcome); United States v. Sasser, 971 F.2d 470, 481 (10th Cir.1992) (no prejudice when undisclosed witness presentence reports consistent with trial evidence and contained no exculpatory material), cert. denied, 61 U.S.L.W. 3582 (U.S.1993); United States v. Carr, 965 F.2d 408, 412 (7th Cir.1992) (no prejudice when undisclosed interview report contained nothing inconsistent with trial testimony); United States v. Welch, 817 F.2d at 274 (same).
 
 
 9
 The undisclosed interview reports in this case contain substantially the same information as the trial testimony of Collier and Henry. Dorsey argues that the reports must contain exculpatory or impeaching information because at trial Henry testified that Dorsey assisted in packaging the cocaine while Collier testified that he did not. He contends that whatever Henry said in his interview must either contradict Collier's trial testimony or impeach his own testimony.
 
 
 10
 In his undisclosed interview, Henry stated that he could not recall whether Dorsey participated in cutting up the cocaine or not. This information would have been of little or no help to Dorsey at trial. Neither would Collier's statement in her undisclosed interview that Henry began weighing out the cocaine while Dorsey was present, and finished weighing it the next morning.
 
 
 11
 Because no exculpatory information is contained in the undisclosed reports, we find that Dorsey was not prejudiced by the failure to disclose them, and any error by the district court in this regard was harmless.
 
 
 12
 Last, although Dorsey admitted his intention to distribute the cocaine in his first interview with the probation officer, he then retracted that admission, and he confessed his factual guilt at trial.
 
 
 13
 Therefore, Dorsey was not entitled to the acceptance of responsibility adjustment, and the district court did not clearly err in denying it. U.S.S.G. Sec. 3E1.1, comment. (nn.1(a),2).
 
 
 14
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Jencks Act, 18 U.S.C. Sec. 3500 (1988)
 
 
 [2]
 Brady v. Maryland, 373 U.S. 83 (1963)
 
 
 [3]
 The report prepared by Mayhew is signed by him; the report prepared by Neddo is not