**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 91-8583
No. 91-8610
No. 94-50789

_____

UNITED STATES OF AMERICA,

Appellee,

versus

ROY LEE HODGKISS,

Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
(W-90-CR-121-1)
_____

September 16, 1996

Before WIENER, EMILIO M. GARZA, Circuit Judges, and LITTLE,[*]
District Judge.

PER CURIAM:[**]

In *United States v. Thomas*, 12 F.3d 1350 (5th Cir.), *cert.
denied*, __ U.S. __, 114 S. Ct. 1861, __ L. Ed. 2d (1994), we
affirmed the convictions and sentences of Roy Lee Hodgkiss and his

_____

[*]     District Judge of the Western District of Louisiana, sitting by
designation.

[**]     Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

co-defendants, but we remanded "to permit the district court to determine in the first instance whether the notes described herein constitute either Jencks Act or *Brady* material." 12 F.3d at 1373. The Government submitted debriefing notes written by the investigating agents as to twenty-two individuals, some of whom were plea bargaining co-defendants. Of this material, the district court, believing that it was only directed to examine the "rough notes," reviewed only a single set of handwritten notes and concluded that they constituted neither Jencks Act nor *Brady* material. Pursuant to an order by the district court, the Government subsequently destroyed all the trial exhibits and evidence utilized in the case, including the original files pertaining to the twenty-two individuals. Copies of the files, however, were retained, and this Court issued an order remanding the case once again to the district court to allow it to review all of the notes submitted by the Government. The district court issued an order stating that it had reviewed all of the submitted documents and found no Jencks Act or *Brady* material.[1] Hodgkiss now challenges the district court's order as not containing sufficiently detailed findings. Hodgkiss also contends that we should remand a third time because the Government did not provide the district court with all of its debriefing materials for the

---

[1] The documents were transmitted under seal to this Court for purposes of review on appeal.

plea bargaining defendants, contrary to this Court's instructions. Finally, Hodgkiss requests that we remand in order to allow the district court to determine whether the Government destroyed some of its debriefing material.

In *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87, 83 S. Ct. at 1196-97. The *Brady* rule has been extended to cover not only exculpatory evidence, but also evidence that might be valuable in impeaching government witnesses. *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380, 87 L. Ed. 2d 481 (1985). Furthermore, the duty to produce such material exists even if the defense fails to make a specific request, or any request at all. *United States v. Agurs*, 427 U.S. 97, 107, 111-12, 96 S. Ct. 2392, 2399, 2401, 49 L. Ed. 2d 342 (1976).[2]

The determination we must make at this stage in the proceedings is whether the district court should be required to hold an additional *in camera* inspection of the notes the Government

---

[2] The *Agurs* Court did note, however, that whether the request was specific or not may affect the determination of whether the nondisclosure, when it does come to light, was "material" or not. 427 U.S. at 106-07, 110-111, 96 S. Ct. at 2399, 2401-02; *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n.15, 107 S. Ct. 989, 1002 n.15, 94 L. Ed. 2d 40 (1987) (same).

-3-

has already submitted. We think not. While the district court's findings on the *Brady* issue were rather cursory, we believe that they were sufficiently detailed to enable us to review its decision. *See Storer Communications, Inc. v. Presser*, 828 F.2d 330, 335 (6th Cir. 1987) (holding that, on remand, district court judge should examine materials in question and "make the required *Brady* determination"); *U.S. v. Lehman*, 756 F.2d 725, 730 (9th Cir. 1985) (holding that if, on remand, the district court found no *Brady* violation, "it should transmit written findings to this court for its further consideration"). This is especially true given that Hodgkiss's requests for *Brady* and Jencks Act material were general ones, and rather speculative. The district court could hardly have been expected to provided more detailed findings on these requests than it did. Indeed, our independent examination of the debriefing notes has not disclosed any *Brady* material. We therefore affirm the district court's findings on this point.[3]

For similar reasons, we conclude that the district court's findings that the debriefing notes do not contain any Jencks Act material should also be affirmed. The Jencks Act requires the production of written statements by a government witness where the written "statement" is within the scope of the direct examination,

---

[3] We also decline to remand to have the district court conduct an *in camera* inspection of any debriefing notes the Government may allegedly still have in its possession. There is no proof that the Government failed to provide the district court with all of the debriefing notes at issue.

and where the statement is either a substantially verbatim recital of an oral statement by the witness, or a written statement signed or otherwise adopted or approved by the witness.  18 U.S.C. § 3500; *United States v. Pierce*, 893 F.2d 669, 675 (5th Cir. 1990), *cert. denied*, 506 U.S. 1007, 113 S. Ct. 621, 121 L. Ed. 2d 554 (1992). In *Thomas*, we determined that the debriefing notes were not discoverable under the Jencks Act as "statements" of the plea bargaining defendants because defendants had failed to produce at trial any evidence, through cross-examination or otherwise, that any of the Jencks Act conditions were met.  12 F.2d at 1364.  We declined to address, however, whether the debriefing notes constituted Jencks Act statements of the testifying agents and instructed the district court to address this issue on remand.  *Id.* at 1365 n.25; *see United States v. Welch*, 810 F.2d 485, 490 (5th Cir.) (noting that government agent had done more than simply conduct witness interviews after the fact, and holding that an agent's investigation report may constitute a Jencks Act statement of the agent), *cert. denied*, 484 U.S. 955, 108 S. Ct. 350, 98 L. Ed. 2d 376 (1987).  In light of the circumstances of this case, we conclude that the district court's findings are adequate and that remand is not required.  *See Goldberg v. United States*, 425 U.S. 94, 111 (holding that, on remand, district court should make a Jencks Act inquiry into certain materials and then "supplement the record with findings"); *Campbell v. United States*, 365 U.S. 85, 99

(same).[4]

Finally, we conclude that there is no need to remand to the district court for a determination of whether the Government has destroyed evidence that may be discoverable under *Brady* or the Jencks Act. Although the originals were destroyed, copies of the debriefing statements as to twenty-two individuals first submitted to the district court were retained and resubmitted pursuant to our second remand order, as is evident from a comparison with the district court's first order. There is simply no evidence to indicate that the Government destroyed any Jencks Act or *Brady* material, or that the Government acted in bad faith when it requested permission from the district court to destroy the trial exhibits and documents in this case. *See, e.g., United States v. Cole*, 634 F.2d 866, 868 (5th Cir.) (no violation of Jencks Act where agent's notes destroyed in good faith), *cert. denied*, 452 U.S. 918, 101 S. Ct. 3055, 69 L. Ed. 2d 422 (1981); *United States v. Martin*, 565 F.2d 362, 363-64 (5th Cir. 1978) (holding Jencks Act and *Brady* were not violated where agent's notes were destroyed in good faith and there was no independent showing that they might

---

[4] On appeal, Hodgkiss contends that the Government failed to produce the debriefing materials for one of the plea bargaining defendants who testified for the Government, Mr. Robert Bruce Thomas. As noted above, we already determined in *Thomas* that none the notes were discoverable under the Jencks Act as statements of the plea bargaining defendants. 12 F.3d at 1364. Moreover, Hodgkiss's claim that a debriefing statement exists for Thomas is entirely speculative. On cross-examination, Thomas stated that he did not make any statement in writing and that he did not observe any of the agents taking notes during his debriefing by the government. Accordingly, we find that remand as to this alleged debriefing statement is also not necessary.

contain material evidence).  Accordingly, because this allegation is merely speculative in nature, we find that remand is not required.

For the foregoing reasons, we AFFIRM the district court's order in No. 91-8610 and No. 94-50789.  Accordingly, we also AFFIRM the convictions and sentences in No. 91-8583.