**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 91-8610
No. 94-50789

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ROY LEE HODGKISS,

                              Defendant-Appellant.

Appeals from the United States District Court
For the Western District of Texas

June 10, 1997

Before WIENER and EMILIO M. GARZA, Circuit Judges, and LITTLE,[*] Chief District Judge.

PER CURIAM:

Roy Lee Hodgkiss petitions for rehearing of our most recent decision in this case.[1]  He alleges that the Court erred in (1) affirming the district court's findings regarding the Jencks Act,

---

[*]     District Judge of the Western District of Louisiana, sitting by designation.

.

[1]     We will not repeat here the facts and procedural history of this case.  They may be found in our unpublished opinion of September 16, 1996 and in _United States v. Thomas_, 12 F.3d 1350, 1363-64 (5th Cir.), _cert. denied_, __ U.S. __, 114 S. Ct. 1861, 128 L. Ed. 2d 483 (1994).

18 U.S.C. § 3500, (2) concluding that there was no proof that the government failed to provide all the debriefing notes at issue, and (3) determining that the district court's findings on the *Brady*[2] and Jencks Act issues were sufficiently detailed to permit review. We grant Hodgkiss' petition for rehearing in part and deny it in part. We also affirm the judgments of the district court as well as Hodgkiss' conviction and sentence.

I

Hodgkiss maintains that we erred in affirming the district court's findings that no Jencks Act material exists in the agents' debriefing notes. He argues that these notes are statements related to the subject matter on which the agents testified, and thus should have been produced under the Jencks Act. We review a district court's decisions regarding discovery under the Jencks Act for clear error. *United States v. Medel*, 592 F.2d 1305, 1316 (5th Cir. 1979).

The Jencks Act requires that the government provide the defendant with witness statements that relate to the subject matter on which the witness has testified. 18 U.S.C. §§ 3500(b), (e)(1). A "statement" includes a written statement made by the witness and signed or otherwise adopted or approved by him. 18 U.S.C. § 3500(e)(1).

We find that the debriefing notes are statements of the debriefing agents. *See Clancy v. United States*, 365 U.S. 312, 313,

_____

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

81 S. Ct. 645, 646, 5 L. Ed. 2d 574 (1961) (finding that memoranda prepared by government agents in the case were statements for purposes of the Jencks Act); *United States v. Sink*, 586 F.2d 1041, 1050 (5th Cir. 1978) (holding that memorandum report prepared by government agent from his notes and recollection of interviews with various witnesses and verified for accuracy by another agent was clearly a statement under the Jencks Act as to the two agents), *cert. denied*, 443 U.S. 912, 99 S. Ct. 3102, 61 L. Ed. 2d 876 (1979). Moreover, we find that these statements generally relate to the subject matter of the agents' testimony. The debriefing notes and the agents' testimony both touch on Hodgkiss' relations with various codefendants and on the criminal enterprise in which he was engaged.[3] Hence, the district court clearly erred in finding that the debriefing notes were not Jencks Act material.

However, we find this error harmless.[4] An error may be

---

[3] Contrary to Hodgkiss' suggestion, though, we see no evidence in the record indicating that any of the agents "based" his or her testimony in whole or part on the debriefing notes.

[4] Relying on *United States v. Welch*, 817 F.2d 273, 274 (5th Cir.) ("*Welch II*"), *cert. denied*, 484 U.S. 955, 108 S. Ct. 3501, 98 L. Ed. 2d 376 (1987), Hodgkiss claims that, when this Court concludes that the district court erred in not requiring the production of Jencks material, our "usual practice" is to permit defendants to view Jencks Act statements and file a supplemental brief before we address the issue of harmless error. However, neither *Welch II*, nor any other case in this circuit, stands for such a proposition. In *United States v. Welch*, 810 F.2d 485 (5th Cir. 1987), we remanded to permit the district court to conduct an *in camera* hearing to determine whether a government agent's investigation reports were Jencks material. On remand, the district court found that the government's failure to provide two Jencks Act statements at trial was harmless error. In *Welch II*, we conducted our own review of the agent's testimony and the investigation reports and found them substantially the same. Thus, we affirmed the district court.

harmless where there is no substantial deviation between the witness' prior statements and trial testimony, *Welch II*, 817 F.2d at 274, or where the witness' statements corroborated his testimony. *United States v. Anderson*, 574 F.2d 1347, 1356 (5th Cir. 1978). An error may also be harmless where the same information was given to the defense in some other form during trial, *Rosenberg v. United States*, 360 U.S. 367, 371, 79 S. Ct. 1231, 1234, 3 L. Ed. 2d 1304 (1959), or when it has no "substantial influence" on the judgment. *United States v. McKenzie*, 768 F.2d 602, 609 (5th Cir. 1985) (citation omitted), *cert. denied*, 474 U.S. 1086, 106 S. Ct. 861, 88 L. Ed. 2d 900 (1986).

We have examined the agents' testimony and the debriefing notes, and have found no substantial deviation between them. These notes would not have been useful in attempting to impeach the agents' testimony. *See Gaston*, 608 F.2d at 612 (noting that a government agent's interview report that is producible as a Jencks Act statement may only be used to impeach the agent's testimony). In short, the district court's error here did not substantially influence Hodgkiss' conviction.

II

Next, Hodgkiss contests our finding that "[t]here is no proof

---

The usual practice in this circuit in Jencks Act appeals such as this one is to conduct a harmless error review immediately after determining that the district court has erred. *See, e.g.*, *United States v. Gaston*, 608 F.2d 607, 612 (5th Cir. 1979) (suggesting that district court erred in failing to inspect *in camera* or order production of certain agent interview reports but finding, after examining government agent's testimony and interview reports, that any error was harmless).

that the Government failed to provide the district court with all of the debriefing notes at issue." He points to the government's admission that "there are materials relating to the non-testifying codefendants that were not produced," and argues that the government should be required to produce all of the debriefing materials in its possession.

Our finding is only incorrect if the debriefing notes for the nontestifying codefendants are "at issue," that is, if they fall within the scope of our original remand in *Thomas*. But even if we give Hodgkiss the benefit of the doubt on this question, the record clearly indicates that Hodgkiss did not specifically seek the debriefing notes for the nontestifying codefendants until *after* remand. Thus, we would still decline to send this issue to the district court for an *in camera* review.

*Brady* holds that a prosecutor's failure to disclose material evidence favorable to the accused upon request violates due process. While a prosecutor has the duty to produce *Brady* material even if the defense fails to make a specific request, or any request at all, *United States v. Agurs*, 427 U.S. 97, 107, 111-12, 96 S. Ct. 2392, 2399, 2401, 49 L. Ed. 2d 342 (1976), reliance on the government's assurances that it is not in possession of *Brady* material may be sufficient when the defense makes a blanket request for favorable material in a government's file. *Gaston*, 608 F.2d at 612. Hodgkiss made a general *Brady* request as part of one of his pretrial motions. The district court properly dismissed Hodgkiss' application as moot, given the government's agreement to provide

*Brady* material.

At trial, Hodgkiss' only specific *Brady* request dealt with the debriefing notes for Don Howell, a government witness. After an *in camera* review of these notes, the district court determined that they did not contain *Brady* material. Other than the request for Howell's debriefing notes, Hodgkiss did not assert that the government had suppressed any *Brady* material, and there is no indication that the debriefing notes for nontestifying codefendants are material or, for that matter, exculpatory or useful in impeaching government witnesses. Hodgkiss' argument on appeal that the debriefing notes for the nontestifying defendants may contain *Brady* material is entirely speculative. Thus, the fact that the government did not produce these particular notes does not warrant remand. *See United States v. Navarro*, 737 F.2d 625, 631 (7th Cir.) ("Mere speculation that a government file may contain *Brady* material is not sufficient to require a remand for *in camera* inspection, much less reversal for a new trial."), *cert. denied*, 469 U.S. 1020, 105 S. Ct. 438, 83 L. Ed. 2d 364 (1984).

The Jencks Act provides that, before the government's duty to disclose attaches, a defendant must move for production of any covered statements after the witness has testified. 18 U.S.C. § 3500(b); *McKenzie*, 768 F.2d at 609. Hodgkiss did not raise the Jencks Act during the pretrial period except very implicitly in an omnibus motion for discovery and inspection. This motion does not request the government to provide statements of the government agents. Even if it did, a defendant "cannot rely on a multipronged

pretrial discovery motion to preserve [his Jencks Act] claims for the appellate court in the event of an unsuccessful defense." *McKenzie*, 768 F.2d at 607. In any event, the district court dismissed this motion as moot, in part because the government offered to provide Hodgkiss with all Jencks Act material.

At trial, Hodgkiss raised the Jencks Act during his cross-examination of Agent George Mading as to Mading's debriefing of a testifying codefendant, Aaron P. Clark. Hodgkiss tried to show that Mading's debriefing notes constituted a statement by Clark. At this point, Hodgkiss, to avoid having to ask for debriefing notes after each testifying witness, requested such notes "for all of those witnesses who are going to be called." In other words, Hodgkiss did not seek debriefing notes for the nontestifying codefendants. A defendant who fails to alert the trial judge that he believes the government has failed to produce a statement covered by the Jencks Act waives his rights to such production. *Id.* Hence, there is no need for an *in camera* review of the debriefing notes for nontestifying witnesses to determine if they contain Jencks Act material.

III

Hodgkiss asserts that we erred by not requiring the district court to provide detailed findings on the *Brady*/Jencks Act issues. The district court must determine in the first instance whether a document is Jencks Act material. *Campbell v. United States*, 373 U.S. 487, 493, 83 S. Ct. 1356, 1360, 10 L. Ed. 2d 501 (1963). Here, the district court exercised that duty. To determine if the

court clearly erred, we have conducted our own review of the debriefing notes.  Given our review, we do not believe a remand to the district court for more detailed findings is necessary.

IV

For the foregoing reasons, we GRANT Hodgkiss' petition for rehearing in part and DENY it in part.  Nevertheless, we AFFIRM the judgments of the district court in No. 91-8610 and No. 94-50789, and AFFIRM Hodgkiss' conviction and sentence.