**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Maria Lydia JIMINEZ, Defendant-
Appellant.**

**No. 73-1575**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1973.

Rehearing Denied Oct. 10, 1973.

Theodore J. Sakowitz, Asst. Federal Public Defender, Miami, Fla. (court appointed not under the act), for defendant-appellant.

Robert W. Rust, U. S. Atty., Robert C. Byrne, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Maria Lydia Jiminez got caught by customs officials at the Miami, Florida, port of entry as she attempted to enter this country with a false passport and

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

1131 grams of cocaine sewn into the lining of the panties she was wearing. Her story on the witness stand was that she had no knowledge that the narcotic was in her underwear. She described a hospital contact in her native Columbia in which a stranger, upon learning she was in necessitous circumstances, had arranged for her to take a trip to New York where she was to await contact by a person of undisclosed identity. The stranger furnished her with a round trip ticket, expense money, a false passport, a letter and the unmentionables. She was instructed to wear these panties as she entered the country then to deliver them together with the letter to a man who would contact her in New York. In return for performing this "errand" Miss Jiminez was promised she would receive money needed for her sick mother's hospital expenses. A jury failed to credit this testimony by Miss Jiminez and she was convicted of the knowing importation of cocaine and the knowing possession of cocaine with the intent to distribute the same. This appeal asserts errors in charging and refusing to charge the jury, in holding that defendant knowingly waived her right not to incriminate herself and in refusing certain Jencks Act [1] claims for material.

■ The requested instruction which was refused stated that the government was required to prove beyond a reasonable doubt that Miss Jiminez knew she was bringing a controlled substance into the United States. The full impact of this request was embodied in the charge as given. A defendant has no right to a charge in any particular language. Delancey v. Motichek Towing Service, Inc., 427 F.2d 897 (5th Cir. 1970).

■ The objectionable instruction advised the jury that defendant's possession of the cocaine permitted the inference that it was brought into the United States contrary to law and that the defendant had knowledge that such importation was illegal. Miss Jiminez was not found in possession of the illegal and undeclared cocaine drug in the United States. She had the substance in her most intimate proprietorship as she was in the act of bringing it into this country. Thus, this case involves no presumption problem of the type discussed in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). In the circumstances of this case, this instruction was redundant but not harmful. The jury understood it still had to decide whether the government proved Miss Jiminez knew what her panties contained. This is well established by the jury's post-instruction inquiry to the judge as to whether knowing, intentional importation required knowledge that the substance in her panties was cocaine in particular or whether it was sufficient if she knew it was a Class II narcotic in general.

■ The proof showed that the careful government agents three times explained the defendant's *Miranda* [2] rights to her, and only after receiving her acknowledgment that she understood was she permitted to sign a written statement to this effect and to voice her admission that she knew she was a carrier of narcotics.

■ The alleged unfurnished Jencks Act material is said to be the hand written manuscript from which a report made by a federal agent who appeared as a witness had been typed. The witness testified that the typed copy of the report which was in evidence was the same or substantially the same. No showing was made that the hand written document was still in existence. On the basis of this record we find no error in the court's action.

Affirmed.

1. 18 U.S.C. § 3500.

2. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).