**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles SURFACE, Defendant-Appellant.**

**No. 79–5494**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1980.

Alan Fenster, Los Angeles, Cal., for defendant-appellant.

Richard H. Dean, Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

GODBOLD, Circuit Judge:

Charles Surface was convicted of unlawfully, knowingly and intentionally distributing and causing to be distributed phencyclidine (P.C.P.) in violation of 21 U.S.C. § 841(a)(1). He raises three arguments on appeal, all of which we find to be without merit. We therefore uphold his conviction.

Both Surface and the government agree that Surface met with his girlfriend named Janie; Gary Rettinger, an informant; and two undercover DEA agents, on February 21, 1978 at the Holiday Inn in Atlanta, Georgia. At this point, the stories diverge. The government's witnesses testified that an agent and Surface discussed the future sale of one-half pound of P.C.P. Then the agent asked whether Surface had any P.C.P. with him and how much he wanted for it. Surface said that the price was $75.00 and nodded to Janie, who reached down into her sweater, pulled out a Kleenex containing two samples of P.C.P., and handed it under the table to Rettinger who

gave it to one of the agents. This agent then put $80.00 on the table and left. Rettinger later picked up the money and handed it to Surface who put it in his pocket. Surface, on the other hand, denied that there was either any conversation or deal regarding P.C.P. and said he was present solely to celebrate Rettinger's being acquitted of a drug charge.

Surface argues first that he was denied due process because of the 15 month pre-indictment delay. This argument is governed by the criteria set forth in *U. S. v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), as elaborated in *U. S. v. Lovasco*, 431 U.S. 738, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). The Supreme Court requires "that a court in evaluating an asserted due process violation based on pre-indictment delay, consider both the reasons for the delay and the prejudice to the accused. But in identifying a violation, prejudice to the accused is the threshold criterion." *U. S. v. West*, 568 F.2d 365, 367 (5th Cir.) *cert. denied sub nom., Swan v. U. S.*, 436 U.S. 958, 98 S.Ct. 3073, 57 L.Ed.2d 1123 (1978); *see U. S. v. Medina-Arrellano*, 569 F.2d 349 (5th Cir. 1978); *cf. U. S. v. Lovasco*, 431 U.S. at 790, 97 S.Ct. at 2049, 52 L.Ed.2d at 759 (proof of prejudice "generally necessary"); *U. S. v. Avalos*, 541 F.2d 1100, 1107 & n.9 (5th Cir. 1976), *cert. denied*, 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977) (in extreme case of government misconduct it may not be necessary to prove actual prejudice). The defendant bears the burden of showing actual prejudice. *See U. S. v. West*, 568 F.2d at 367.

Here Surface's only claim of prejudice is that because of the delay he was unable to locate Janie. In his pre-trial brief, he said only that he "assumed" that her presence would be crucial to his defense and that she "might be able to clear defendant of the charges." The magistrate and district court correctly found that these hypothetical contentions do not establish actual prejudice. Surface now asserts that Janie would testify, as he did, that the drug deal did not occur. Even if we were willing to permit Surface to change his allegation of prejudice on appeal,[1] this bald assertion, which is not supported by any extrinsic evidence, is not an adequate showing of actual prejudice.

Moreover, Surface has not shown any reasons, impermissible or not, for the government's delay in indicting him. He states merely that the government could have found him if it had wanted to. The government, by contrast, states in its brief that it waited to indict Surface because it was investigating his transaction as part of a larger drug distribution conspiracy. This reason, which we assume is being asserted in good faith, is permissible under *Lovasco*.[2] *See* 431 U.S. at 796, 97 S.Ct. at 2051, 52 L.Ed.2d at 763 (Supreme Court accepted as made in good faith government's reason for delay asserted in its petition for certiorari, brief, and oral argument even though it was unsupported by evidence in record).

Surface also argues that the testimony regarding Janie's handing the P.C.P. to Rettinger must be suppressed as fruit of an unconstitutional search and seizure because there was no evidence that he either was the source of the drugs or consented to Janie's delivery of them. This contention is without merit. First, there is no need for the government to prove that Surface ever had actual possession of the P.C.P. His conviction can and does stand upon the government's showing that he constructively possessed the P.C.P. because he exercised knowing power to control it. *See U. S. v. Riggins*, 563 F.2d 1264, 1266 (5th Cir. 1977), *cert. denied*, 439 U.S. 848, 99 S.Ct. 148, 58 L.Ed.2d 150 (1978); *U. S. v. Alvarez*, 548 F.2d 542, 544 & n.5 (5th Cir. 1977). Moreover, by sharing control of the P.C.P. with

---

1.  Surface states in his brief to this court that he testified below that Janie would say that there was no drug deal. We find no evidence of such testimony in the record.

2.  Surface could have obtained evidence on the reason for delay by requesting the district court to subpoena the U.S. Attorney's files to determine whether the government had in fact been engaged in an ongoing investigation. He did not do this.

Janie, he eliminated whatever expectation of privacy he might have had in the drugs and took the chance that she might choose to sell or give away the drugs at an inopportune time. *See Frazier v. Cupp,* 394 U.S. 731, 740, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684, 693–94 (1969); *U. S. v. Novello,* 519 F.2d 1078 (5th Cir. 1975), *cert. denied,* 423 U.S. 916, 96 S.Ct. 797, 46 L.Ed.2d 651 (1976).

■ Finally, Surface contends that he is entitled to dismissal because the government failed to produce at the close of Rettinger's testimony for the government the handwritten copy of Rettinger's statement made the day after the alleged drug deal to one of the agents, thereby violating the Jencks Act. 18 U.S.C. § 3500. The government produced a typewritten statement that Rettinger testified was made because the handwritten statement was a rough draft with spelling and punctuation errors. Rettinger said that the same events were recited in both statements although he was not sure that identical language was used in both. Surface does not contend that there was any material difference between the two statements, and the district court implicitly found that Surface made no showing of prejudice. Under these circumstances, there was no Jencks Act violation because the government's failure to produce the handwritten copy was either harmless error, *see U. S. v. Beasley,* 576 F.2d 626, 629–30 (5th Cir. 1978), *cert. denied,* 440 U.S. 979, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1970), or no error at all. *Cf. U. S. v. Martin,* 565 F.2d 362 (5th Cir. 1978) (FBI's agent destruction of notes, done in good faith according to customary practice, after the preparation of report not violation).

AFFIRMED.