**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles E. ROEMER, II and Carlos Marcello, Defendants-Appellants.**

No. 82–3040.

United States Court of Appeals, Fifth Circuit.

April 11, 1983.

Rehearing and Rehearing En Banc Denied May 16, 1983.

Glass & Reed, John W. Reed, John R. Martzell, New Orleans, La., for defendants-appellants.

Arthur A. Lemann, III, New Orleans, La., for Carlos Marcello.

John P. Volz, U.S. Atty., L. Eades Hogue, Asst. U.S. Atty., Albert J. Winters, Jr., 1st Asst. U.S. Atty., John Voorhees, Dept. of Justice, Strike Force, New Orleans, La., for plaintiff-appellee.

Before GOLDBERG, GEE and RANDALL, Circuit Judges.

PER CURIAM:

Appellants Roemer and Marcello were convicted of conspiring to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1962(d) (1976). On appeal they argue (1) the affidavit in support of the government's initial application for electronic surveillance was inadequate; (2) the government artificially created federal jurisdiction; (3) the evidence was insufficient to support their convictions; and (4) the jury instructions incorrectly stated the law. Also, we have carried with the case a motion to disclose material pursuant to the Jencks Act, 18 U.S.C. § 3500 (1976).

We have carefully examined the briefs, all portions of the record directed to our attention by the parties or the opinions of the court below, and all authorities cited by the parties or the opinions of the court below. We have found that the verdicts below are supported by the law and evidence and must be affirmed. This case has been thoroughly briefed and well handled by all parties from the earliest stages, and all of the arguments presented to us on the four points of alleged error were also presented to the trial court below. The trial court was conscientious and thorough in its exposition of the law and we affirm the judgments below based upon the portions of the trial court's opinions relating to the four points of appeal. *United States v. Marcello,* 508 F.Supp. 586, 601–07 (E.D.La. 1981) (affidavit); *United States v. Marcello,* 537 F.Supp. 1364, 1367, 1369–77 (E.D.La. 1982) (artificial creation of jurisdiction); *id.* at 1379–80, 1382–84 (sufficiency of evidence);[1] *id.* at 1384–86 (jury charge).

This case carries with it a motion to unseal handwritten notes of an FBI agent prepared after a meeting with Roemer and subsequently incorporated into a standard "302" report. The 302 was produced under the Jencks Act, 18 U.S.C. § 3500 (1976), but the notes were not. The issue before us is whether the notes were a statement by the agent, who testified at trial. To be a statement, the notes must be "signed or otherwise adopted" by the agent. *Id.* § 3500(e)(1). The trial court found that the

---

1. In particular, there was sufficient evidence to support the finding of agreement by Roemer to commit mail fraud. "It was not necessary to prove that [the defendant] actually did the mailing, 'he need only have had a reasonable basis to foresee that his actions would result in the use of the mails.'" *United States v. Martino,* 648 F.2d 367, 401 (5th Cir.1981), *cert. denied,* 456 U.S. 943, 102 S.Ct. 2006, 72 L.Ed.2d 465 (1982), 456 U.S. 943, 102 S.Ct. 2007, 72 L.Ed.2d 465 (1982), 456 U.S. 949, 102 S.Ct. 2020, 72 L.Ed.2d 474 (1982) (quoting *United States v. Georgalis,* 631 F.2d 1199, 1206 (5th Cir.1980)). As the trial court below stated, the evidence in this case "shows not only the expectation that the mail and interstate phone calls would be used to further the scheme, but also the defendants' assent and approval of the use of those means of effecting the plan." *United States v. Marcello, supra,* 537 F.Supp. at 1384.

notes were not a statement, observing that the notes were full of abbreviations and difficult to interpret. The trial court also found that the 302 was almost totally duplicative of the rough notes.

One circuit has held that rough notes are not statements. *See, e.g., United States v. Griffin,* 659 F.2d 932, 937–38 (9th Cir.1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2019, 72 L.Ed.2d 473 (1982); *United States v. Spencer,* 618 F.2d 605 (9th Cir.1980). Other courts have held to the contrary. *See, e.g., United States v. Walden,* 465 F.Supp. 255, 259–61 (E.D.Pa.1978), *aff'd,* 590 F.2d 85 (3rd Cir.), *cert. denied,* 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979); *United States v. Hilbrich,* 232 F.Supp. 111 (N.D.Ill.1964), *aff'd,* 341 F.2d 555 (7th Cir.), *cert. denied,* 381 U.S. 941, 85 S.Ct. 1775, 14 L.Ed.2d 704 (1965). This circuit has not adopted any hard or fast rule, but has consistently held that a determination of whether a writing was a statement was a factual determination to be reversed only if clearly erroneous. *See, e.g., United States v. Cole,* 634 F.2d 866, 867 (5th Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981); *United States v. Medel,* 592 F.2d 1305, 1317 (5th Cir.1979); *United States v. Cathey,* 591 F.2d 268, 274 (5th Cir.1979). Our circuit has noted that the roughness of the notes may be relevant to a finding that they were not adopted by the author as a statement. *See United States v. Surface,* 624 F.2d 23, 26 (5th Cir.1980); *United States v. Jiminez,* 484 F.2d 91, 92 (5th Cir.1973).

Given the trial court's proper reliance on the roughness and abbreviations of the notes, its finding that the notes were not a statement is not clearly erroneous and must be affirmed. In any event, because the released 302 is substantially identical to the retained notes, had there been error it would have been harmless. *United States v. Surface, supra,* 624 F.2d at 26; *United States v. Medel, supra,* 592 F.2d at 1316–17; *United States v. Jiminez, supra,* 484 F.2d at 92.

AFFIRMED.