Jessie **HAYNES**, Plaintiff,

v.

Cory **CRENSHAW**, et al., Defendants.

**CIVIL ACTION NO. 1:15-CV-437**

United States District Court,
E.D. Texas, Beaumont Division.

Signed January 22, 2016

Maria-Vittoria Galli Carminati, Carminati Law PLLC, Houston, TX, for Plaintiff.

Kathleen Marie Kennedy, David Vann de Cordova, Jr, Attorney at Law, Beaumont, TX Christopher Blewer Gilbert, Thompson & Horton LLP, Houston, TX, for Defendants.

Jerry Jordan, Lumberton, TX. pro se.

**REPORT AND RECOMMENDATION ON WAYNE REAUD'S MOTION TO DISMISS UNDER TEX. CIV. PRAC. & REM. CODE § 27.001 *et. seq.***

KEITH F. GIBLIN, UNITED STATES MAGISTRATE JUDGE

In accordance with 28 U.S.C. § 636 and the Local Rules for the United States District Court for the Eastern District of Texas, on November 10, 2015, the District Court referred this matter to the undersigned United States Magistrate Judge for

pretrial management. *See Order* (doc. # 22). Pending before the Court for purposes of this report is Defendant Wayne Reaud's ("Reaud") *Motion to Dismiss Under Tex. Civ. Prac. & Rem. Code § 27.001 et seq.* (doc. # 12). Having reviewed the pleadings and the submissions of the parties, the Court recommends that Reaud's motion be **GRANTED.**

## I. Background

### A. *Procedural History and Plaintiff's Claims*

Plaintiff Jessie Haynes ("Haynes" or "Plaintiff") filed suit on July 30, 2015, in the United States District Court for the Eastern District of Texas, Marshall Division. *Original Complaint* (doc. # 1). Since her original filing, Haynes has amended twice, with the last occurring on September 9, 2015. *Amended Complaint Corrected* (doc. # 4). Upon defendants' motion, United States Magistrate Judge Roy S. Payne transferred the case from Marshall to the Beaumont Division on November 6, 2015.

Haynes asserts claims of assault, Racketeer Influenced and Corrupt Organizations ("RICO") racketeering under 18 U.S.C. § 1962(a), and RICO conspiracy under 18 U.S.C. § 1962(d) against Defendants Mike Neil ("Neil"), Cory Crenshaw ("Crenshaw"), Jerry Jordan ("Jordan"), Michael Getz ("Getz"), and Reaud.[1] Specifically against Reaud, Haynes asserts claims of RICO racketeering and RICO conspiracy. Reaud is the only defendant to file a motion to dismiss under the Texas Citizens Participation Act, Texas Civil Practice & Remedies Code, Section 27.001, *et seq.*

("TCPA"). Accordingly, only Haynes' claims asserted against Reaud are at issue for purposes of this report.

Before the case was transferred to Beaumont, Reaud timely filed the present motion, asking the Court to dismiss Haynes' claims against him under the TCPA. The Court held an oral hearing on the issue on January 14, 2016. Haynes' claims in the present action are largely identical to her claims in another case before the Court, *Walker et al. v. Beaumont Independent School District et al.*, Civil Action No. 1:15–CV–379, filed on July 30, 2015, and referred to the undersigned for pretrial management. Both parties have incorporated their arguments and responses from *Walker* in their submissions regarding the present motion to dismiss.

### B. *Factual Allegations*

Haynes contends that she was assaulted by Neil in a hallway outside of a Beaumont Independent School District ("BISD") press conference on August 1, 2015.[2] At the time, Haynes served as BISD's Communications Director. Haynes states that, during the press conference, she attempted to prevent Jordan, a local reporter, from entering the conference because Haynes believed that her superiors at BISD did not want Jordan to attend. In response, Getz called Haynes a number of derogatory terms, and Neil physically forced Haynes away from the doorway. When Haynes attempted to press charges for the incident, she herself was charged with obstruction of a public passage. She was convicted of this offense at trial, during which Getz, Jordan, and Neil testified. Reaud attended Haynes' trial and sat next

---

**1.** Haynes labeled her claims as racketeering under 18 U.S.C. § 1962(a) and conspiracy under 18 U.S.C. § 1962(c). It is clear from the language of the complaint, however, that Haynes has simply mislabeled the referenced RICO statutes.

**2.** This is clearly a clerical error regarding the date of the alleged assault. Evidence filed with Haynes' amended complaint and other factual statements in the case show that the incident occurred on August 1, 2013, not August 1, 2015. *See, e.g., Chargois Affidavit,* Exhibit 2 to Complaint (doc. # 4–2).

to Crenshaw, his purported godson. Crenshaw allegedly spoke with the judge and prosecutor during Haynes' trial and was heard making statements that he had told the prosecutor what to say or do during the prosecution.

Haynes claims that her conviction for obstruction is the result of a RICO enterprise comprised of Jordan, Neil, Getz, Crenshaw, and Reaud created to "further racketeering activities" against her. She asserts that this enterprise and related conspiracy "engaged in a concerted campaign to harass Ms. Haynes, tarnish her reputation, attack her integrity, and threats [sic] of criminal and/or administrative repercussions." Other alleged actions of the enterprise include Getz and Jordan posting defamatory articles online, Getz's attorney attending a protest at BISD where participants chanted "Fire Jessie now," and Neil posting false and "hateful" information about Haynes on social media. She also states without factual specifics that the enterprise made threats and committed coercion, witness tampering, and informant tampering.

## II. Discussion

### A. *Background of the TCPA*

■ In 2011, the Texas Legislature enacted the TCPA to "encourage and safeguard the constitutional rights of persons to petition, speak freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV PRAC. & REM. CODE § 27.002 (West 2015). To that end, the TCPA creates an expedited process so defendants can quickly obtain dismissal of "retaliatory lawsuits that seek to intimidate or silence them on matters of public concern." *In re*

*Lipsky,* 460 S.W.3d 579, 586 (Tex.2015). A defendant who prevails on a motion to dismiss under the TCPA shall recover court costs, reasonable attorney's fees, expenses, and possible sanctions against the party who brought the claim. TEX. CIV. PRAC. & REM. CODE § 27.009(a). Likewise, a plaintiff who prevails against a TCPA motion to dismiss is entitled to recover court costs and attorney's fees if a court finds that the motion to dismiss was frivolous or filed solely to delay. *Id.* at § 27.009(b). Other federal district courts have concluded that the TCPA is enforceable in a federal court sitting in diversity jurisdiction[3]. *See Williams v. Cordillera Commc'ns Inc.,* No. 2:13–CV–124, 2014 U.S. Dist. LEXIS 79584, 2014 WL 2611746, at *2 (S.D.Tex. June 11, 2014); *see also NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.,* 745 F.3d 742, 746 (5th Cir.2014) (applying TCPA).

### B. *Step One: Does the TCPA Apply to Haynes' Claims?*

A TCPA motion triggers a two-step process; the first step requires the moving defendant to prove by a preponderance of the evidence that the plaintiff's claims are "based on, relate to, or [are] in response to the [defendant's] exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association." TEX. CIV. PRAC. & REM. CODE § 27.005(b) (West 2015); *In re Lipsky,* 460 S.W.3d at 586–87 (internal footnotes and citations omitted). Haynes has conceded that the TCPA applies to all of her claims against Reaud and that, additionally, she is a public figure according to the TCPA. Nonetheless, the Court will examine whether the TCPA applies to Haynes' RICO claims against Reaud.

■ Reaud first argues that Haynes' claims implicate his right of free speech.

---

**3.** The undersigned notes that jurisdiction here is based on federal question under 28 U.S.C. § 1331 by virtue of plaintiff's federal RICO causes of action and this Court is not sitting in diversity under 28 U.S.C. § 1332. *See also Amended Complaint,* at ¶ 2.

Under the TCPA, the "exercise of the right of free speech" means "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(3) (West 2015). A " 'matter of public concern includes an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good product or service in the marketplace." *Id.* at § 27.001(7). Texas courts have routinely found that a "communication" under the TCPA includes both newspaper articles and oral speech. *See, e.g., Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.,* 416 S.W.3d 71, 81 (Tex.App.–Houston [1st Dist.] 2013, pet. denied). Further, in deciding whether a claim "relates to" a defendant's rights of free speech, application of the TCPA is not limited to a plaintiff's defamation claims, but other civil claims based on that defamation, including tortious interference and civil conspiracy. *E.g., In re Lipsky,* 411 S.W.3d 530, 550 (Tex.App.–Fort Worth 2013), *aff'd* 460 S.W.3d 579 (Tex. 2015)) (holding that because the object of the alleged conspiracy was to defame plaintiff, the conspiracy claim related to defendant's right to free speech under the TCPA); *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.,* 441 S.W.3d 345, 354 (Tex.App.–Houston [1st Dist.] 2013, pet. denied) (applying TCPA to both defamation and related tortious interference claim).

Haynes has conceded that she is a public official under the TCPA. The Court agrees based on her status as the Director of Communications at BISD. Reaud further asserts that she is a "public servant". "Public servant" means a "person elected, selected, appointed, employed, or otherwise designated as ... (A) an officer, employee, or agent of government...." TEX. CIV. PRAC. & REM. CODE § 27.001(9)(A). Her claims appear connected to her role as Communications Director for BISD because the core of Haynes' RICO claims is that she was targeted by a RICO enterprise and conspiracy after she publically supported BISD Superintendent Carroll Thomas and prevented Jordan from entering the BISD press conference. She alleges that this enterprise, led by Reaud, engaged in a campaign to harass her and tarnish her reputation. The enterprise allegedly accused Haynes of defrauding BISD out of the amount of her salary when she took a leave of absence after the BISD press conference; impugned her reputation, honesty, and fitness for work at BISD; mocked her on social media about the press conference and obstruction conviction; and marched down the hallways of BISD chanting "Fire Jessie now. "[4] Reaud argues, therefore, that Haynes' claims implicate his rights of free speech to the extent that Haynes attempts to assert that Reaud participated in the making of such defamatory statements.[5] The Court agrees.

---

4. It is difficult to ascertain which of these statements Haynes attributes to Reaud. Her complaint, however, states that "Defendants engaged in" the activities listed. Defendants presumably includes Reaud. Further, as the Court has previously noted, Haynes has conceded that her claims against Reaud implicate his rights under the TCPA.

5, Reaud has noted that such statements concern a number of "matters of public concern" under the TCPA, not the least of which is

Haynes' status as a public figure and public servant. TEX. CIV. PRAC. & REM. CODE § 27.001(9)(A); *see Entravision Commc'ns Corp. v. Salinas,* No. 13–13–00702–CV, —— S.W.3d ——, ——, 2015 Tex.App. LEXIS 10129, 2015 WL 9434695, at *4 (Tex.App.–Corpus Christi–Edinburg Sept. 30, 2015, no pet. h.) (Facebook post by a television media outlet that the mayor of a Mexican city had been arrested was a "matter of public concern" under the TCPA because mayor was a public official or public figure and the assert-

Further, Haynes uses Reaud's alleged participation at her criminal trial as evidence of his involvement in the RICO conspiracy and enterprise, and thus her claims relate to his rights of association and petition. "Exercise of the right to petition" includes a communication in or pertaining to "a judicial proceeding." TEX. CIV. PRAC. & REM. CODE § 27.001(4). "Exercise of the right of association" means "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." *Id.* at § 27.001(2). "The right to attend criminal trials is implicit in the guarantees of the First Amendment." *Richmond Newspapers, Inc. v. Va.,* 448 U.S. 555, 580; 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). "The purpose of [the TCPA] is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law . . . ." TEX. CIV. PRAC. & REM. CODE § 27.002 (West 2015). In short, Haynes' claims against Reaud assert that Reaud spearheaded a RICO enterprise to defame her; that "defendants" (presumably including Reaud) made a number of critical and defamatory statements about the hallway incident outside of the BISD press conference, Haynes' subsequent leave of absence and continued fitness as BISD Communications Director, and her obstruction conviction; and chanted "Fire Jessie now" at a BISD protest. Haynes also points to Reaud's attendance at and implied participation in her criminal trial as evidence of his involvement in a RICO racketeering enterprise and conspiracy. Therefore, the Court finds that the TCPA applies to Haynes' claims against Reaud.

## C. *Step 2: Has Haynes Presented Clear and Specific Evidence of a Prima Facie Case for Each Element of Her Claims?*

Once the TCPA is implicated, a plaintiff's action may only survive dismissal if that plaintiff "establishes by clear and convincing evidence a prima facie case for each essential element of the claims in question." TEX. CIV. PRAC. & REM. CODE § 27.005(c). (West 2015). In determining whether a plaintiff has met this burden, the court is to look to pleadings and supporting or opposing affidavits. *See id.* at § 27.006(a). A court may also consider both direct and circumstantial evidence. *In re Lipsky,* 460 S.W.3d at 590. Upon a showing of good cause and motion of a party or the court's own motion, a court is permitted to allow limited discovery relevant to a TCPA motion to dismiss. *See id.* at § 27.006(b).

Although "clear and specific" is not defined by the statute, the Supreme Court of Texas has interpreted the phrase to mean "unambiguous, sure, or free from doubt" and "explicit or relating to a particular named thing. " *In re Lipsky,* 460 S.W.3d at 590 (citing *KTRK Television, Inc. v. Robinson,* 409 S.W.3d 682, 689 (Tex.App.–Houston [1st Dist.] 2013, no pet.). "Prima facie" refers to "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (quoting *In re E.I. DuPont de Nemours & Co.,* 136 S.W.3d 218, 223 (Tex.2004) (per curiam) (quoting *Tex. Tech. Univ. Health Scis. Ctr. v. Apodaca,* 876 S.W.2d 402, 407 (Tex. App.–El Paso 1994, writ denied))). The Supreme Court of Texas has interpreted these phrases together to require the plaintiff to "provide enough detail to show

---

ed criminal conduct "implicated concerns of community well-being"). Likewise, the enterprise's statements against Haynes concern both her status at BISD and alleged criminal conduct.

the factual basis for its claim" and has expressly stated that "mere notice pleading—that is, general allegations that merely recite the elements of a cause of action—will not suffice." *In re Lipsky,* at 590–91. In response to a TCPA motion, a plaintiff should cite evidence to support each element of the plaintiff's claims. *See Ward,* 401 S.W.3d at 445 (dismissing a plaintiff's defamation claim when "he merely set out the elements of his claims, and concluded after a discussion of the elements that 'the actions by [the BBB] are defamatory per se, and [the BBB is] liable for damages ....' but "cited no evidence to support each element of his defamation claims").

### 1. *RICO Racketeering*

■ "RICO provides a private civil action to recover treble damages for injury suffered as a result of a violation of its substantive provisions. " *Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 606 (5th Cir.1998) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 481, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). To prove RICO racketeering under 18 U.S.C. § 1962(c), Haynes must show: (1) an enterprise and (2) a pattern of racketeering activity. *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139–40 (5th Cir.1992). "Each concept is a term of art which carries its own inherent requirements of particularity." *Elliott v. Foufas,* 867 F.2d 877, 880 (5th Cir.1989); *see Andrews v. The Am. Nat'l Red Cross,* 176 F.Supp.2d 673, 685 (W.D.Tex.2001). Reaud contests whether Haynes has proven any of the elements of RICO racketeering.

■ Reaud first asserts that Haynes has failed to provide evidence of a pattern of racketeering activity. To prove a pattern of racketeering activity, "a plaintiff must show at least two predicate acts of racketeering that are related and amount

to or pose a threat of continued criminal activity." *Tel–Phonic Servs. Inc.,* 975 F.2d at 1139 (citing 18 U.S.C. § 1961(5); *H.J., Inc. v. N.W. Bell Tel. Co.,* 492 U.S. 229, 238, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)). 18 U.S.C. § 1961(1) provides the exclusive list of acts that constitute RICO predicate acts. 18 U.S.C. § 1961(1); *Zastrow v. Houston Auto Imports Greenway Ltd.,* 789 F.3d 553, 559 (5th Cir.2015). As noted previously, Haynes' listed predicate acts include threats, coercion, assault, witness tampering, harassment, and defamation. With the exception of witness tampering, none of these actions are RICO acts under Section 1961. As far as the alleged witness tampering, Section 1961 provides that "racketeering activity" includes any act which is indictable under (among an exhaustive list of federal statutes) 18 U.S.C. § 1512, the federal criminal statute prohibiting tampering with a witness. *See* 18 U.S.C. § 1512. The only allegations that could be construed to relate to this alleged predicate act include "the deprivation of Ms. Haynes' due process rights at her trial by tampering with her representation, witnesses, informants, evidence, and with the judicial process. *See Amended Complaint* (doc. # 4), at pp. 7–8. The only facts alleged by Haynes relating to her criminal trial in state court are that Reaud attended, Getz, Jordan and Neil testified, and Crenshaw sat with Reaud and told the prosecutor what to say or how to act. *Id.* at pp. 4–5. These factual allegations do not rise to the level of indictable witness tampering under 18 U.S.C. § 1512, and plaintiff has failed to provide additional evidence in support of this contention. *See* 18 U.S.C. § 1512; *see also Fifth Circuit Pattern Jury Instructions* (Criminal) § 2.64 (2015) ("Intimidation to Influence Testimony"). The Court therefore finds that Haynes has failed to present clear and specific evidence of a pattern of racketeering.

■ Reaud next contests whether Haynes has provided clear and specific evidence of a RICO enterprise. To prove an enterprise, Haynes must provide evidence of the existence of an entity separate and apart from the pattern of racketeering activity. *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). The entity does not have to be a formal or legal entity, but it must have some sort of hierarchical or consensual decision-making structure, and it must exist for purposes other than just to commit predicate acts. *In re McCann*, 268 Fed.Appx. 359, 366 (5th Cir.2008); *United States v. Bledsoe*, 674 F.2d 647, 663 (8th Cir.1982). A plaintiff proves the existence of an enterprise by "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Turkette*, 452 U.S. at 583, 101 S.Ct. 2524. For an informal enterprise, known as an association-in-fact enterprise, the "group need not have a hierarchical structure or a 'chain of command'; decisions may be made on an ad hoc basis and by any number of methods—by majority vote, consensus, a show of strength, etc." *Boyle v. United States*, 556 U.S. 938, 948, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009). "Members of the group need not have fixed roles; different members may perform different roles at different times...." *Id.* Further, "while the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other. The 'enterprise' is not the 'pattern of racketeering activity.'" *Id.* Haynes' evidence of an enterprise appears to be the bald assertion that the enterprise existed and that Reaud was a ringleader, as evidenced by his attendance at her criminal trial. Because these assertions do not provide enough detail to show the factual basis for Haynes' claim, the Court finds that Haynes has failed to provide clear and specific evidence of an enterprise as required by the TCPA. The Court further notes that Haynes has failed to provide any evidence of damages she may have sustained.

### 2. *RICO Conspiracy*

■ In order to show a RICO conspiracy, a plaintiff has to show that two or more people agreed to commit a substantive RICO offense and that each defendant knew of and agreed to the overall objective of the RICO offense. 18 U.S.C. § 1962(d); *e.g., Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir.2010). Put another way, the plaintiff needs to show that *each defendant* agreed to commit at least two predicate acts in furtherance of the enterprise's goals. *See id.; see also Tel–Phonic*, at 1140. Each defendant must also understand the scope of the enterprise and knowingly agree to further its affairs by committing substantive RICO offenses. *United States v. Marcello*, 537 F.Supp. 1364, 1379–80 (E.D.La.1982), *aff'd sub nom. United States v. Roemer*, 703 F.2d 805 (5th Cir.1983). Even assuming, *arguendo*, that Haynes could meet her burden of providing clear and specific evidence of an underlying RICO offense, she has failed to provide sufficient evidence that Reaud knew of or agreed to the overall objective of the RICO offense. Her evidence of Reaud's involvement consists solely of the following: Reaud attended her criminal trial and is Crenshaw's godfather. Such evidence is not even suspicious, must less rising to the level of a prima facie case for agreement to commit a RICO offense.

### III. Conclusion and Recommendation

Based on the findings and legal reasoning stated herein, the undersigned recommends that the Court **GRANT** Reaud's

*Motion to Dismiss Under Tex. Civ. Prac. & Rem. Code § 27.001 et seq.* (doc. # 12) and **DISMISS** Haynes' claims against Wayne Reaud in their entirety [6], with prejudice. This dismissal is based on the preclusion of those claims under the TCPA.

## IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), all parties are entitled to serve and file written objections to the report and recommendation of the magistrate judge within fourteen (14) days of service. Failure to file specific, written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).

**SIGNED this the 22nd day of January, 2016.**

---

**6.** As stated above, the TCPA provides for the imposition of costs, attorney's fees, other expenses and possible sanctions to the moving party if the court orders dismissal under the TCPA (the TCPA also provides for the same awards if a motion to dismiss is found to be frivolous). *See* Tex. Civ Prac & Rem. Code § 27.009 (West 2015). Reaud requested the award of costs, expenses, attorney's fees and possible sanctions in his TCPA motion. The Court would entertain a separate motion for these various costs, fees, expenses and sanctions under Section 27.009 at a later date should Reaud ultimately prevail on the dismissal of Plaintiffs' claims under the TCPA.