# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41054
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ERASMO RAMIREZ-MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-294-2

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jesus Erasmo Ramirez-Mendoza pleaded guilty pursuant to a plea agreement to possessing with intent to distribute 100 kilograms or more of a mixture or substance containing a detectible amount of marijuana. As a part of the plea agreement, Ramirez-Mendoza reserved the right to appeal the district court's denial of his motion to suppress. He appeals, arguing that the district court erred in denying his motion to suppress by relying on incorrect

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

facts, by relying too heavily on the proximity to the border, and by misapplying the collective knowledge doctrine.  He also argues that the district court erred by not requiring the production of recordings of radio transmissions between the testifying agents, which he asserts was a violation of the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2.

In reviewing the district court's denial of the motion to suppress, we review the constitutionality of the stop, including whether there was reasonable suspicion, de novo.  *See United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015).  The evidence presented at a suppression hearing is viewed in the light most favorable to the prevailing party, here, the Government.  *See id.*  Factual findings, including the district court's credibility choices, are reviewed for clear error.  *United States v. Rangel-Portillo*, 586 F.3d 376, 379 (5th Cir. 2009).

"A temporary, warrantless detention of an individual constitutes a seizure for Fourth Amendment purposes and must be justified by reasonable suspicion that criminal activity has taken or is currently taking place; otherwise, evidence obtained through such a detention may be excluded." *United States v. Garza*, 727 F.3d 436, 440 (5th Cir. 2013); *see Terry v. Ohio*, 392 U.S. 1, 29-31 (1968).  "Border Patrol agents on roving patrol may detain vehicles for investigation only if they are aware of specific, articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle is involved in illegal activities," such as transporting undocumented aliens or drugs.  *Cervantes*, 797 F.3d at 328-29 (internal quotation marks and citation omitted).

"Reasonable suspicion requires more than merely an unparticularized hunch, but considerably less than proof of wrongdoing by a preponderance of the evidence." *Garza*, 727 F.3d at 440 (internal quotation marks and citation

omitted).   In determining whether reasonable suspicion existed, this court examines the totality of the circumstances and weighs the factors set forth in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975).  *Cervantes*, 797 F.3d at 329.   The factors that may be considered include (1) the area's proximity to the border; (2) the characteristics of the area; (3) usual traffic patterns; (4) the agents' experience in detecting illegal activity; (5) the driver's behavior; (6) particular characteristics of the vehicle; (7) information about recent illegal trafficking of aliens or narcotics in the area; and (8) the number of passengers in the vehicle and their appearance and behavior.  *Id.*

Ramirez-Mendoza's argument regarding the suppression hearing is unavailing.   The Supreme Court has admonished that the *Brignoni-Ponce* factors should not be evaluated in isolation from each other.  *United States v. Arvizu*, 534 U.S. 266, 274 (2002).   Although not every factor may have supported the existence of reasonable suspicion, "[n]ot every *Brignoni-Ponce* factor need weigh in favor of reasonable suspicion for it to be present."  *United States v. Zapata-Ibarra*, 212 F.3d 877, 884 (5th Cir. 2000).  Construed most favorably to the Government, the evidence at the suppression hearing showed that the stop was made in direct proximity to the border; that the vehicle that was stopped had travelled erratically, first moving at an extremely low speed in tandem with another vehicle and later making erratic turns; that the vehicle was in a sparsely travelled area that is often used as a smuggling route; and that agents saw individuals on the Mexican side of the border load bundles of suspected narcotics on a raft and sail across the river with them to the private property where the vehicle had travelled.  One of the agents who participated in the stop of the vehicle testified that he had heard all of the relevant information supporting the stop on his radio before the stop; this evidence showed that the use of the collective knowledge doctrine was proper.  *See*

No. 15-41054

*United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999).  Under the totality of the circumstances, the agents had reasonable suspicion to stop Ramirez-Mendoza's vehicle.  *See Garza*, 727 F.3d at 440-42.

Ramirez-Mendoza's argument regarding the purported Jencks Act violation is equally unavailing.  The Jencks Act requires the Government to disclose statements made by a witness relating to the subject matter as to which the witness has testified.  § 3500(b).  A "statement" includes a written statement made by a witness that has been signed or otherwise adopted by him or a "substantially verbatim recital" of the witness's oral statement that was "recorded contemporaneously."  § 3500(e); *see United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993).  We review a district court's determination that a document does not qualify as a "statement" requiring disclosure under the Jencks Act for clear error.  *United States v. Brown*, 303 F.3d 582, 591 (5th Cir. 2002).  Even if the Government is found to have violated the Jencks Act, that failure is subject to harmless error analysis.  *See United States v. Ramirez*, 174 F.3d 584, 587 (5th Cir. 1999).  We strictly apply harmless error analysis to determine whether the error had a substantial influence on the outcome of the case.  *United States v. Montgomery*, 210 F.3d 446, 451 (5th Cir. 2000).

The parties disagree whether the recordings are covered by the Jencks Act, whether Ramirez-Mendoza waived any claim of error by pleading guilty, whether there was error, and whether any such error was harmless.  However, we need not decide most of these issues in the instant case.  Even if the recordings were *Jencks* material, and assuming arguendo that the district court erred in not compelling their production, Ramirez-Mendoza has not shown any harm from the alleged error.

Ramirez-Mendoza has not shown that there was a significant difference between the agent's suppression hearing testimony and the recorded radio

transmissions. *See United States v. Surface*, 624 F.2d 23, 26 (5th Cir. 1980). Further, the record shows that Ramirez-Mendoza had the opportunity to pursue his *Jencks* claim at the suppression hearing but declined to develop it with any particularity during cross examination. He has not made the requisite showing that there was a reasonable possibility that the absence of the recordings affected the outcome of the suppression hearing, despite the prosecutor's offer to make the recordings available to him. *See id.*

Ramirez-Mendoza has shown no reversible error in the denial of his motion to suppress. The judgment of the district court is AFFIRMED.